445 So.2d 1324 (1984)
Ross SCACCIA, and Ross Scaccia on Behalf of his Minor Child Rachel Anne Scaccia
v.
Robert LOWE, Terence L. Hauver, Michael Grosz, Lee Pullen, Opal Pullen, Vicki Pullen Scaccia or Vickie Pullen Scaccia Medley, Terence Medley and ABC Insurance Company and DEF Insurance Company.
No. CA-1051.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Ross Scaccia, in pro. per.
*1325 Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Jack M. Alltmont, New Orleans, for appellees.
Before GULOTTA, GARRISON and LOBRANO, JJ.
GULOTTA, Judge.
A divorced husband appeals the dismissal by summary judgment of his damage suit against his former wife's attorneys for their refusal to reveal the whereabouts of his minor daughter in the wife's custody. We affirm.
In his original petition for damages, Ross Saccia alleged that his former wife Vicki had hidden their minor child and made her unavailable for visitation. Named as defendants were Robert Lowe and Terence L. Hauver, her attorneys during the divorce and separation proceedings, who allegedly "consistently cooperated with, aided, conspired with and abetted her in the seclusion and isolation of the minor child" contrary to court visitation orders by refusing to reveal her whereabouts to plaintiff.[1] Scaccia itemized damages for mental pain and anguish, loss of affection and "society" with his daughter, "impairment of workability" and financial loss.
In an amended petition, filed in response to an exception of vagueness, plaintiff alleged with greater particularity the attorneys' refusal to disclose the whereabouts of Scaccia's wife and the child, despite Scaccia's three written demands.
The defendant attorneys filed an exception of no cause of action and a motion for summary judgment on the ground that they owed no legal duty to plaintiff to reveal any information concerning the child's whereabouts. In attached affidavits, Lowe and Hauver averred that they had been retained by Vicki Scaccia in her domestic lawsuit against her former husband; that after their client moved to another state she had instructed them not to reveal her new address to any person under any circumstances; and that, pursuant to those specific instructions, they have not and cannot reveal her new domicile.
Upon being satisfied that the wife's address had in fact recently been disclosed to the plaintiff husband, the trial judge granted the exception of no cause of action and rendered a summary judgment dismissing plaintiff's suit against the attorneys. In written reasons, the trial judge stated:
"Even assuming counsel's knowledge of his client's address is not privileged, his refusal to disclose the address to the husband is not actionable since he owed the husband no legal duty to disclose."
Appealing, Scaccia contends that information given by a client to an attorney is only privileged so long as: the privilege is asserted by those having a right to assert it; the withholding of information is legal; and, no harm is caused to other persons. He argues that he has a cause of action in tort against the attorneys because they owed a duty to him as natural father of the minor child, and their illegal and unwarranted actions in withholding her whereabouts have caused him harm.
Neither party has cited, nor have we discovered, any Louisiana authority specifically directed to the issue whether the address of a client or information concerning his whereabouts is protected by the attorney-client privilege. A survey of cases in other jurisdictions indicates that foreign authorities are divided on this issue. See "Annotation: Disclosure of Name, Identity, Address, Occupation, or Business of Client as Violation of Attorney-Client Privilege," 16 A.L.R.3rd 1047.
In a Missouri case factually similar to ours, however, an attorney representing a husband in a divorce action was not compelled to reveal his client's whereabouts in a suit brought by the wife for conspiracy to secrete the husband and child, where the attorney had been specifically instructed by his client not to divulge his address and there was no evidence indicating the attorney or his client was guilty *1326 of any criminal offense. The Missouri court applied the attorney-client privilege. See Ex parte Schneider, 294 S.W. 736 (Mo. App.1927).
Nonetheless, even assuming, without concluding, that the wife's address is not privileged in the instant case, we conclude, as did the trial judge, that the defendant attorneys cannot be held liable to the husband in tort.
The defendant attorneys' primary duty was to represent the interest of their client. Once instructed by her not to reveal her child's whereabouts, they had an ethical obligation to honor her wishes. They owed no corresponding obligation to her adversary ex-husband. Indeed, to have revealed her whereabouts upon the husband's simple demand would have violated their client's confidence. Under these circumstances, the attorneys breached no legal duty to the husband and, therefore, cannot be held legally at fault for his alleged consequential damages.
We recognize that an attorney, as an officer of the court, cannot, in the guise of zealous representation, deliberately flout a legally enforceable visitation order. Nonetheless, a deprived parent in plaintiff's dilemma can seek redress by filing an appropriate rule to show cause in the court having jurisdiction of the custody matter to compel disclosure of the child's whereabouts and enforce visitation. Such an approach is particularly appropriate where no criminal conduct is involved, and the attorneys are withholding the child's whereabouts pursuant to their good faith perception of the attorney-client privilege.
For the foregoing reasons, the judgment dismissing plaintiff's suit as against the defendant attorneys is affirmed.
AFFIRMED.
NOTES
[1] Also named as co-defendants were Scaccia's former wife, her present husband, and her parents.